## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:06CV-P644-C

JAN F. BECKER                                                                                                PETITIONER

v.

STUART C. HUDSON, WARDEN *et al.*                             RESPONDENTS

### OPINION

Unrepresented by counsel, the petitioner, Jan F. Becker, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions entered by the Holmes County Court of Common Pleas in Ohio in 2001.

According to the petition and attached documentation, following a jury trial in March 2001, the petitioner was convicted of gross sexual imposition, felonious penetration, and rape. The Ohio Court of Appeals affirmed his convictions on December 20, 2001, and the Ohio Supreme Court dismissed his subsequent appeal on May 1, 2002.

Thereafter, in July 2003, the petitioner sought state habeas relief, which was denied by the trial court in November 2003. On July 13, 2004, the Ohio Court of Appeals affirmed the trial court's decision, and on December 15, 2004, the Ohio Supreme Court declined to accept the appeal for review. The petitioner filed a petition for writ of certiorari, which was denied on October 3, 2005.

On March 19, 2004, during the pendency of the state habeas action, the petitioner filed a § 2254 petition for writ of habeas corpus in the Northern District of Ohio, which dismissed the petition as untimely. After granting a certificate of

appealability on the timeliness issue, the Sixth Circuit affirmed the district court's judgment by order entered December 6, 2005.

On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the court concludes that it is without jurisdiction to entertain this petition.  First, the petitioner, who is incarcerated in the Mansfield Correctional Institution in Ohio and who is challenging an Ohio state-court conviction, wholly fails to establish this Kentucky court's jurisdiction over this action.  Second, even if this court were the proper place of filing, the instant petition is clearly a second or successive habeas petition, and under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Because the petitioner has failed to obtain authorization from the Sixth Circuit  prior to filing the instant petition, this court is precluded from further considering it.

For these reasons, the court, by separate order, will dismiss the instant action.  Further, satisfied that no jurists of reason could find its ruling to be debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the court will also deny a certificate of appealability.   The clerk of court is directed to send a copy of this opinion to the petitioner.

---

[1] Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Signed on  April 2, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**